IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW S. SLOAT, #20061684,<br>COREY T. HODGE, #20061636,<br>GEOFFREY S. LONGDEN, #20061697,<br>and DENNIS S. TATE, #19060184,<br><br>    **Plaintiffs,**<br><br>vs.<br><br>RICH STEVENSON,<br>KENNY BENZING,<br>ALLISON ALEXANDER,<br>COOK JANE DOE 1,<br>NURSE JANE DOE 2,<br>and DR. JOHN DOE 2,<br><br>    **Defendants.** | Case No. 20-cv-01067-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiffs, who are all detained at Marion County Law Enforcement Center ("Jail"), filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiffs claim that Jail officials exposed them to COVID-19 and then refused to test them for it. (*Id*. at 8-9). Plaintiffs seek money damages, COVID testing, and staff reprimands. (*Id*. at 10). Due to the potentially urgent nature of their claims, the Court will screen this matter without delay.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

1

## **The Complaint**

Plaintiffs set forth the following allegations in the Complaint (Doc. 1, pp. 8-9): A member of the Jail's kitchen staff, Cook Jane Doe 1 ("Cook Doe"), tested positive for COVID-19 on an undisclosed date. Despite her positive diagnosis, Cook Doe continued preparing and distributing food to inmates at the Jail. At the time, Inmate Charles Anderson worked in the kitchen and was housed near Plaintiffs. Despite Plaintiffs' complaints about the serious risk of infection posed by this situation, Rich Stevenson, Kenny Benzing, Allison Alexander, Nurse Jane Doe 2, and Dr. John Doe ignored their pleas for separate housing, social distancing, and COVID testing. As a result of their exposure to Cook Doe and Inmate Anderson, Plaintiffs became severely ill. Because the Complaint mentions no dates, it is unclear when these events occurred and whether Plaintiffs have recovered. (*Id.*).

Consistent with the allegations, the Court designates the following enumerated counts in this *pro se* Complaint:

**Count 1:** Defendants Stevenson, Benzing, Alexander, Nurse Doe 2, and Dr. Doe 1 denied Plaintiffs' requests for COVID testing after their direct and indirect exposure to coronavirus at the Jail, in violation of their constitutional rights.

**Count 2:** Defendants Stevenson, Benzing, Alexander, Nurse Doe 2, and Dr. Doe 1 denied Plaintiffs' pleas for proper social distancing at the Jail during the ongoing pandemic, in violation of their constitutional rights.

**Count 3:** Defendants Stevenson, Benzing, Alexander, Cook Doe, Nurse Doe 2, and Dr. Doe 1 exposed Plaintiffs to a COVID-positive staff member by allowing Cook Doe to prepare and distribute food to inmates at the Jail after testing positive for COVID-19, in violation of their constitutional rights.

**Count 4:** Defendants Stevenson, Benzing, Alexander, Nurse Doe 2, and Dr. Doe 1 exposed Plaintiffs to an unnecessary and serious risk of COVID infection by housing them alongside an inmate (Inmate Anderson) who worked with a COVID-positive staff member (Cook Jane Doe) at the Jail, in violation of their constitutional rights.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

Counts 1 through 4 survive screening. The Eighth Amendment deliberate indifference standard articulated in *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), is applicable if Plaintiffs were convicted prisoners during the relevant time period. *Estelle v. Gamble*, 429 U.S. 97 (1976). The Fourteenth Amendment objective unreasonableness standard articulated in *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018), governs their claims, if they were pretrial detainees. All four claims survive preliminary review under both standards against those defendants named in connection with each claim above. Accordingly, Counts 1, 2, 3, and 4 shall receive further review.

### Identification of Cook Jane Doe 1, Nurse Jane Doe 2, and Dr. John Doe 1

Plaintiffs shall be allowed to proceed with their claims against Cook Jane Doe 1, Nurse Jane Doe 2, and Dr. John Doe 1. However, these defendants must be identified with particularity before service of the Complaint can be made on them. Plaintiffs will have the opportunity to engage in limited discovery to ascertain each unknown defendant's identity. In this case, Jail Administrator Benzing will be named as a defendant, in his official capacity (in addition to his individual capacity in connection with Counts 1 through 4), and he shall be responsible for responding to discovery aimed at identifying the unknown defendant. Once the name of each unknown defendant is discovered, Plaintiffs must file a motion to substitute the newly identified defendant in place of the generic designations in the caption and throughout the Complaint.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Request for Immediate Relief**

In the Complaint, Plaintiffs request "testing for this current pandemic and all future pandemics." (*Id*. at 10). They also ask that defendants be reprimanded and "held accountable." (*Id*.). It is unclear whether Plaintiffs seek interim relief, as they provided no dates for the events that gave rise to this action and made no claim that anyone remains ill. They also did not file a separate motion seeking a temporary restraining order and/or preliminary injunction pursuant to Federal Rule of Civil Procedure 65. Out of an abundance of caution, the Court will direct the Clerk's Office to separately docket Plaintiffs' requests for testing as a Motion for Preliminary Injunction. Plaintiffs must file a supporting affidavit and/or memorandum in support of this motion, if they would like to pursue a request for interim relief at this time. In the supporting affidavit(s) or memorandum, Plaintiffs should describe the exact relief they require and the facts that support each request for relief. Failure to file their supporting the affidavit(s) and/or memorandum within fourteen days (on or before **October 28, 2020**) shall result in dismissal of the Motion for Preliminary Injunction without prejudice.

Kenny Benzing (official capacity) shall remain named as a defendant, in his official capacity, based on Plaintiffs' request for injunctive relief in the Complaint, and he shall be responsible for implementing any injunctive relief that is ordered in this action.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening, as follows.

- **COUNTS 1, 2,** and **4** against Defendants **RICH STEVENSON, KENNY BENZING, ALLISON ALEXANDER, NURSE JANE DOE 2,** and **DR. JOHN DOE 1**;

- **COUNT 3** against Defendants **RICH STEVENSON, KENNY BENZING, ALLISON ALEXANDER, COOK JANE DOE 1, NURSE JANE DOE 2,** and **DR. JOHN DOE 1**;

The claims are **DISMISSED** without prejudice for failure to state a claim against any defendants

who are not named in connection with each claim above.

**Because this suit addresses one or more medical claims, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**The Clerk's Office is further DIRECTED to separately docket a Motion for Preliminary Injunction**.

If Plaintiffs would like to pursue a request for interim relief at this time, Plaintiffs are **ORDERED** to file their supporting Affidavit(s) and/or Memorandum on or before **OCTOBER 28, 2020**, in which they describe the exact interim relief they require and the facts that support their request for relief. If they fail to file supporting documentation by this deadline, the Motion for Preliminary Injunction shall be **DISMISSED without prejudice**.

The Clerk of Court is **DIRECTED** to **ADD** Defendant **KENNY BENZING** (official capacity) in CM/ECF for purposes of identifying Cook Jane Doe 1, Nurse Jane Doe 2, and Dr. John Doe 1 and for implementing any injunctive relief ordered in this case.

**IT IS ORDERED** that as to **COUNTS 1, 2, 3,** and **4**, the Clerk of Court shall prepare for Defendants **KENNY BENZING** (individual and official capacities)**, RICH STEVENSON, ALLISON ALEXANDER,** and, once identified, **JANE DOE 1** (cook), **JANE DOE 2** (nurse), and **JOHN DOE 1** (doctor): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiffs. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant,

and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiffs, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiffs, and the judgment includes the payment of costs under Section 1915, Plaintiffs will be required to pay the full amount of the costs, whether or not their applications to proceed *in forma pauperis* are granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiffs are **ADVISED** that they are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**
    **DATED: 10/14/2020**                                  s/J. Phil Gilbert
                                                                    **J. PHIL GILBERT**
                                                                      **United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiffs are advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**