IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW S. SLOAT, #20061684, <br> COREY T. HODGE, #20061636, <br> GEOFFREY S. LONGDEN, #20061697, <br> and DENNIS S. TATE, #19060184, <br><br>         **Plaintiff,** <br><br> vs. <br><br> RICH STEVENSON, <br> KENNY BENZING, <br> ALLISON ALEXANDER, <br> COOK JANE DOE 1, <br> NURSE JANE DOE 2, <br> and DR. JOHN DOE, <br><br>         **Defendants.** | Case No. 20-cv-01067-JPG |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

On October 9, 2020, Plaintiffs filed this action under 42 U.S.C. § 1983 for alleged violations of their constitutional rights at Marion County Law Enforcement Center. (Doc. 1). In the Complaint, Plaintiffs alleged that Defendants exposed them to COVID-19 and refused to test or treat them for it. (*Id*. at 8-9). Plaintiffs requested money damages, COVID testing, and staff reprimands. (*Id*. at 10). The Court entered a *Boriboune* Order and screened the Complaint without delay. (Docs. 6 and 7). Four claims survived review under 28 U.S.C. § 1915A. (Doc. 7).

Plaintiffs have since failed to comply with the court's orders to update their addresses and prosecute their claims. The Court repeatedly advised them of their ongoing obligation to notify the Court of any address changes. Plaintiffs were warned that failure to do so would result in their dismissal from this action. The Court dismissed Plaintiffs Sloat and Longden after they repeatedly

1

failed to update their addresses or respond to the court's show cause order regarding the same. (*See* Docs. 4, 6, 22, and 33).

Plaintiffs Hodge and Tate shall now be dismissed as well. Both were required to notify the Court of their intention to proceed with this group litigation no later than October 28, 2020, and they missed the deadline for doing so. (*See* Doc. 6). On October 30, 2020, the Court granted them an additional seven (7) days to respond to the *Boriboune* Order. (Doc. 15). They were "WARNED that each plaintiff will be dismissed from this action with the imposition of a filing fee, if he fails to respond by the extended deadline of November 6, 2020." (*Id*.). Plaintiffs Hodge and Tate did not respond.

On November 18, 2020, the Court entered the following show cause order:

> Plaintiffs HODGE and TATE are ORDERED to SHOW CAUSE on or before December 9, 2020, why they should not be dismissed from this action for failure to notify the Court by October 28, 2020, of their intention to proceed with group litigation, to dismiss his/their claims, or to sever his/their claims into a separate case. (See Doc. 6). Plaintiffs HODGE and TATE are WARNED that failure to respond to this Order by December 9, 2020, shall result in each Plaintiff's dismissal from this action for noncompliance with the Court's Order and for failure to prosecute his/their claims. FED. R. CIV. P. 41(b).

(Doc. 33). Plaintiffs Hodge and Tate missed this deadline as well, and they have not communicated with the Court since.

In addition, Plaintiff Hodge failed to update his address. His mail has been returned to the Court undeliverable on numerous occasions. (*See* Docs. 15, 23, 28, 29, 35-38, and 43). Therefore, on December 2, 2020, the Court entered the following show cause order:

> ORDER TO SHOW CAUSE: All Plaintiffs in this multi-plaintiff action were advised that they are under a continuing obligation to keep the Clerk of Court informed of any change in their address and that failure to comply could result in their dismissal from this action for want of prosecution. (See Docs. 4, 5, 6, and 7). Several documents mailed to Plaintiff Hodge by the Court have been returned as undeliverable. (See Docs. 15, 23, 28, 29, 35-38, and 43). Plaintiff Hodge is hereby ORDERED to SHOW CAUSE on or before DECEMBER 16, 2020, why he should

>    not be dismissed from this action for failure to comply with the Courts Orders at Docs. 4-7 and to prosecute his claims. Plaintiff is WARNED that his failure to respond to this Order will result in his dismissal as a plaintiff in this case pursuant to Fed. R. Civ. P. 41(b). The Clerk is DIRECTED to transmit a copy of this Order to Show Cause to Plaintiff Hodge for a response and to all other parties for informational purposes only.

(Doc. 44). Plaintiff Hodge did not respond to the show cause order; it was returned undeliverable along with numerous other documents. (Docs. 30, 32-33, 44-45, and 48-50).

Given these developments, Plaintiffs Tate and Hodge shall now be dismissed from this action for failure to comply with multiple court orders and for failure to prosecute their claims. *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993) (stating dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice."). The dismissal shall be with prejudice. Because all other Plaintiffs have already been dismissed, this case shall be closed.

## Disposition

**IT IS ORDERED** that Plaintiffs **DENNIS S. TATE** and **COREY T. HODGE** are **DISMISSED** with prejudice for failure to comply with multiple court orders (*See, e.g.,* Docs. 4-7, 15, 33, and 44) and for failure to prosecute their claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

**IT IS ORDERED** that Plaintiff **TATE's** and **HODGE's** obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Their pending Motions for Leave to Proceed *in forma pauperis* (Docs. 8 and 13) are **TERMINATED**.

Because no other plaintiffs remain named in this action, the entire action is **DISMISSED** with prejudice.  The dismissal does not count as a "strike" under 28 U.S.C. § 1915(g) for any Plaintiffs.

If Plaintiffs wish to appeal this Order, they may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiffs choose to appeal, they will each be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  See FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Moreover, if the appeal is found to be nonmeritorious, Plaintiffs may incur a "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  1/7/2021**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**